# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DONALD SULLIVAN, | Case No. 1:23-cv-1913 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge |
| | James E. Grimes Jr. |
| MICHAEL C. O'MALLEY, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Donald Sullivan filed this action *pro se* to challenge his criminal convictions in the Cuyahoga County Court of Common Pleas. *State of Ohio v. Sullivan*, No. CR-19-639981-A (Cuyahoga Cnty Ct. Comm. Pl. Feb. 22, 2022); *State of Ohio v. Sullivan*, No. CR-19-642705-A (Cuyahoga Cnty Ct. Comm. Pl. Feb. 22, 2022). He brings this action against the Judges that presided over his cases and the Cuyahoga County Prosecutor asserting that they lacked jurisdiction to prosecute him. The pleading is composed entirely of rhetoric and appears to rely on documents he created based on his understanding of the Uniform Commercial Code. It contains no factual allegations, and no legal causes of action. He seeks monetary damages.

## STATEMENT OF FACTS

Mr. Sullivan indicates that he was the Defendant in two criminal cases in the Cuyahoga County Court of Common Pleas. *See id.* At various points in the litigation, all three judicial officers named as Defendants presided over his cases. Although Michael O'Malley did not personally enter an appearance in the case, he

is the Cuyahoga County Prosecutor who supervises the assistant county prosecutors that presented the State's case against Mr. Sullivan. In both cases, Mr. Sullivan entered guilty pleas. Currently, he is incarcerated in the Lake Erie Correctional Institution, serving an aggregate sentence of five to seven and a half years of incarceration.

## STATEMENT OF THE CASE

Plaintiff challenges his convictions claiming that the State trial court lacked jurisdiction to prosecute him, making his convictions void. He asserts that "[a]ll 'judicial power' of the Article II 'inferior courts' comes from the Judiciary Act of 1789 . . . ." (ECF No. 1, ¶ 29, PageID #7.) Because the judicial power comes from Article III of the United States Constitution, he concludes that there have been no judges in the United States since 1789. He argues that Article II courts are administrative courts operating under the Administrative Procedure Act and that their judicial officers are administrators, not judges. He contends that such officials only have the power to hear only cases involving contracts, commercial claims, and commerce, but not criminal matters.

Next, Plaintiff asserts that the Cuyahoga County Common Pleas Court is a banking system corporation. He states that Defendants did not deny this assertion to his satisfaction when he presented it to them; therefore, he deems it to be admitted. He asserts that, as a banking system, the Cuyahoga County Common Pleas Court lacks jurisdiction over a secured party. Plaintiff lists documents that he submitted to the State trial court to support his contention that he is a secured

party. Those documents included an Acknowledgment of Acceptance Deed of Re-Conveyance, a Notice of Transfer of Reserved Name, an Affidavit of Status as Secured Party and Creditor filed with the Ohio Secretary of State, an Affidavit of Birth Certificate Ownership, a Trade Mark ID number, an Assumed Name Registration, a Common Law Copyright Certification, a Copyright number, an Affidavit Common Law Copyright Notice Writ–National and International, a Declaration Certificate of Sovereign Status, an Aboriginal Native Moor American National ID, a Foreign International Private EIN number, a Corporate Created Public EIN number, an Affidavit of Truth, and a document he titled as "In the Morocco Consular Court at the Ohioan State Republic Consular Jurisdiction and Venue." (ECF No. 1, ¶ 33, Page ID #8–9.) He asserts that the Eleventh Amendment removed the right of the States to bring suits against the people. He contends he is a secured party who is one of the people protected by the Eleventh Amendment. He also asserts that the Eleventh Amendment removed jurisdiction from Article II "inferior courts." (ECF No. 1, ¶ 34, Page ID #9.) He claims that the State trial court lacked jurisdiction to hear, issue rulings, or proceed to enter judgment against him. He seeks monetary damages.

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an

arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

4

I.  **Rule 8**

Plaintiff fails to meet the basic notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. To meet these minimal standards, Plaintiff's complaint must give Defendants fair notice of what Plaintiff's legal causes of action are and the factual grounds on which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's numerous assertions are neither legal causes of action that support the Court's federal jurisdiction, nor are they factual allegations. The complaint consists entirely of meaningless rhetoric leading to unsupported and irrational conclusions based on fanciful misunderstandings of the law and American history. Plaintiff has not satisfied the minimum notice pleading requirements and has not established a basis for the exercise of federal jurisdiction. For that reason alone, this case must be dismissed.

II.  **Collateral Attack on a State Court Conviction**

Even if Plaintiff had met the basic notice pleading requirements of Rule 8, his complaint appears to be an attempt to collaterally attack his State court convictions. Although he seeks monetary damages rather than release, he cannot pursue a challenge to his conviction in a civil action unless he pleads and proves that his convictions were reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff pled guilty to the amended charges in both cases at issue in this action. He is serving his sentences in an Ohio prison. He cannot pursue this civil action as he has attempted to plead it.

5

### III. Immunity

Finally, all of the Defendants are immune from suits for damages. Judges, like Judge Turner, Judge Jones, and Judge Kelley, enjoy absolute immunity against suits for damages based on decisions made from the bench or actions they took in their roles as judges, provided that the case is within the subject matter jurisdiction of the court over which they preside. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Contrary to the Plaintiff's rhetoric, Judge Turner, Judge Jones, and Judge Kelley are (or were) Judges on the Cuyahoga County Court of Common Pleas, and that court has subject matter jurisdiction over criminal prosecutions for violations of State laws. The judicial officers who presided over his cases have absolute immunity against the damages Mr. Sullivan seeks.

As the prosecutor, Michael O'Malley also has absolute immunity against damages for actions performed in carrying out his role as the State's advocate in Plaintiff's criminal cases. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Immunity extends not only to actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken in connection with the duties in functioning as a prosecutor. *Imbler*, 424 U.S. at 431. Although there are no factual allegations against Mr. O'Malley, he appears to have been named as a Defendant due to his connection to Plaintiff's criminal cases. He is immune from damages in this suit.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. §1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: January 19, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio